**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 08-142-DLB**

**IRENE K. JORDAN**                                                                              **PLAINTIFF**

**vs.**                                    **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                    **DEFENDANT**

\*     \*     \*     \*     \*     \*     \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Irene Jordan filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) payments on October 8, 2004. (Tr. 62, 279). At the time of filing, Plaintiff was 41 years old and alleged a disability onset date of April 18, 2004. (Tr. 62). She asserts she is disabled due to injuries sustained in a car accident on the alleged disability onset date. (Tr. 136, 153). She alleges that she is unable to work due to poor vision, neck pain, upper back pain that radiates into her left arm, and low back pain that radiates into both legs. (Tr. 280). Her application was denied initially and on reconsideration. (Tr. 53-56, 57-59). At Plaintiff's request, administrative hearings were conducted on June 27, 2006; December 5, 2006; and May 22, 2007; by Administrative Law

Judge (ALJ) Ronald Kayser.[1]  (Tr. 277-319 ).  On June 15, 2007, the ALJ ruled that Plaintiff

was not disabled and therefore not entitled to DIB or SSI payments.  (Tr. 18-26).  This

decision became the final decision of the Commissioner when the Appeals Council denied

Plaintiff's request for review on February 7, 2008.  (Tr. 8-10).

On March 15, 2008, Plaintiff filed the instant action.  The matter has culminated in

cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #13, 14).

## II. DISCUSSION

### A.      Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether

it is supported by substantial evidence and was made pursuant to proper legal standards.

*See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

"Substantial evidence" is defined as "more than a scintilla of evidence but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve

conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to

affirm the Commissioner's decision, provided it is supported by substantial evidence, even

if we might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d

388, 389-90 (6th Cir. 1999).  Moreover, even if there is evidence favoring Plaintiff's side,

the Commissioner's findings must be affirmed if supported by substantial evidence.

---

[1] During the first hearing on June 27, 2007, ALJ Kayser, informed that Plaintiff had not been treated
by a doctor in over a year, determined that he could not properly evaluate the severity of Plaintiff's claimed
impairments unless an orthopedic surgeon examined Plaintiff to see if there had been any progressive
deterioration of the spine.  (Tr. 300).  However, at the time of the second hearing, the orthopedic colsultative
examination ordered by ALJ Kayser had yet to be performed due to an error by Disability Determination
Services.  (Tr. 306).  Therefore, a third hearing was necessary.  (Tr. 310).

*Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988).  Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion.  *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## B.    The ALJ's Determination

At Step 1, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability.  (Tr. 20).  At Step 2, the ALJ found Plaintiff's "multiple injuries received in a motor vehicle accident on the alleged onset date" to be a "severe" impairment within the meaning of the regulations, but determined her decreased visual acuity to be a non-severe impairment correctable with glasses.  (Tr. 20).

At Step 3, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal, one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 19).  Specifically, the ALJ evaluated her functional limitations under Section 1.00 (Musculoskeletal System) and the subsections

thereunder, concluding that Plaintiff did not meet or equal the requirements of any Listing.

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to

perform "limited light work." (Tr. 23). Specifically, the ALJ found that Plaintiff can stand,

walk, or sit six hours in an eight-hour workday, and may occasionally climb, balance, stoop,

crouch, kneel and crawl. (Tr. 23). Plaintiff is limited, however, in her ability to reach/lift with

her hands, to push/pull with her upper left extremity, or to work with her hands overhead.

(Tr. 23). In addition, Plaintiff should avoid whole-body vibration, hazardous machinery and

heights. (Tr. 23).

Based upon these, findings, the ALJ concluded that Plaintiff is able to perform her

past relevant work as an assembly line worker, and is therefore not disabled. (Tr. 25).

Although technically the five-step sequential analysis ends once an ALJ finds that a Plaintiff

has the RFC to perform his or her past relevant work, *see Preslar*, 14 F.3d at 1110, the ALJ

elected to proceed to Step 5, and found that there are a significant number of jobs Plaintiff

can perform despite her limitations, such as counter clerk, inspection, bench assembly, and

machine operator. (Tr. 25). This conclusion resulted from testimony by a vocational expert

(VE), in response to a hypothetical question assuming an individual of Plaintiff's age,

education, past relevant work experience and RFC. (Tr. 316).

## C.    Analysis

Plaintiff advances two arguments on appeal. First, Plaintiff argues that the ALJ's

RFC determination is not supported by substantial evidence because Plaintiff's allegations

of disabling pain were supported by objective medical evidence of an underlying medical

condition that could reasonably be expected to produce her allegedly disabling pain.

Second, Plaintiff contends that new evidence - obtained after the ALJ had rendered his

decision - warrants remand of her case under sentence six of 42 U.S.C. § 405(g).  Each

of these arguments will be addressed in turn.

### 1.    Plaintiff's Allegations of Disabling Pain

In *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847 (6th Cir. 1986),

the Sixth Circuit Court of Appeals announced an analytical framework for evaluating

a plaintiff's subjective allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.  If there is, we then examine: (1) whether
> objective medical evidence confirms the severity of the alleged pain arising
> from the condition; or (2) whether the objectively established medical
> condition is of such a severity that it can be reasonably expected to produce
> the alleged disabling pain.

*Id.* at 853.  Plaintiff argues that the ALJ erred in holding that Plaintiff's claims of disabling

pain were neither credible nor supported by the objective medical evidence in the record.

To support her contention, however, the Plaintiff does not cite to specific medical reports

in the record.  Instead, she takes issue with the ALJ's consideration of Plaintiff's daily

activities in his evaluation of Plaintiff's credibility, asserting that "the evidence relied upon

by the Administrative Law Judge is no more than suspicion and cannot reasonably

abrogate all of the remaining evidence in the record which is contrary to the unfavorable

decision." (Doc. #13, p. 8).

Plaintiff's reductive characterization of the ALJ's analysis is inaccurate.  Following

his determination that "the claimant's medically determinable impairment could reasonably

be expected to produce the alleged symptoms," (tr. 25), the ALJ correctly considered

Plaintiff's daily activities in his evaluation of the intensity, persistence, and limiting effects

of Plaintiff's symptoms on her ability to do basic work activities.  *See* 20 C.F.R. §§

5

404.1529(c), 416.929(c).  Comparing Plaintiff's claims of constant, disabling pain with (1) her professed ability to dine out, visit family, drive, and shop weekly, perform household chores, and care for herself without assistance; and (2) the objective medical evidence from various physicians which establishes that Plaintiff retains an almost full range of motion in her extremities, with only mild attrition in ranges of motion of the left shoulder and diminished left hand grip strength, (tr. 21-22), the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible."  (Tr. 25).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ considered the medical evidence of record and determined that the objective medical evidence did not support Plaintiff's subjective allegations of pain.  In light of the evidence presented to the ALJ, this was a reasonable conclusion and one the ALJ was entitled to make.  *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  As the ALJ's credibility determination was not erroneous, his decision that Plaintiff is not disabled is supported by substantial evidence and will be affirmed by the Court.

### D.     Sentence Six Remand

Plaintiff's second argument on appeal is that this case should be remanded to the ALJ pursuant to sentence six of 42 U.S.C. § 405(g) as she is now in possession of objective medical evidence - obtained after the ALJ rendered his decision and the Appeals Council denied review - which supports her allegations of disabling pain.  Sentence six of 42 U.S.C. § 405(g) provides that a court "may at any time order additional evidence to be

taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."   42 U.S.C. § 405(g).   Plaintiff bears the burden of demonstrating that remand is proper under section 405.  *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984).

Plaintiff asserts that she has met the good cause test of sentence six because "the evidence was not in existence at the time of the hearing."  (Doc. #13, p. 6).  This Circuit, however, takes a hard line on the good cause test; the fact that medical reports are prepared after the Commissioner's final decision does not demonstrate good cause.  *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). In order to show good cause, the Plaintiff must give a valid reason for her failure to obtain relevant examinations prior to the hearing.  *Id.*

Here, Plaintiff offers absolutely no explanation why the medical tests, the results of which she asserts justify remand, could not have been performed prior to the hearing when there was ample opportunity to do so.  The ALJ conducted three hearings over the course of approximately one year, with several months between each hearing.  The Plaintiff was on notice from the first hearing that the ALJ believed the record required supplementation, and had time between the hearings to undergo additional tests.  Because the Plaintiff has offered the Court no reason why she did not avail herself of the opportunity to supplement the record before her final hearing, she has failed to satisfy the  good cause test of section 405(g).  Therefore, the Plaintiff's request to remand this case for the consideration of

additional medical evidence is denied.[2]  The Plaintiff retains the right to submit a new claim

for benefits based upon the newly-obtained evidence of claimed disability.  *See Sizemore*

*v. Sec'y of Health & Human Servs.*, 865 F.3d 709, 712 (6th Cir. 1988).

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by

substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc.

#13) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc.

# 14) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

This 22nd day of December, 2008.



Signed By:
David L. Bunning  *DB*
United States District Judge

G:\DATA\SocialSecurity\MOOs\5-08-142-JordanMoo.wpd

---

[2] In order to justify remand under sentence six of section 405(g) a plaintiff must demonstrate both materiality and good cause.  *Willis*, 727 F.2d at 554.  Because Plaintiff failed to satisfy the good cause test, it is not necessary for this Court to decide the question of whether the new medical reports constituted "material" evidence.  *Id.*